## HACKEL v. LEYTUS.
### Civil Action No. 2262.

District Court, W. D. Pennsylvania.

Oct. 11, 1944.

Schlesinger & Schlesinger, of Pittsburgh, Pa., for plaintiff.

Henry Kauffman and M. D. Wedner, both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

After verdict for defendant the plaintiff has moved for judgment notwithstanding the verdict and for a new trial.

The plaintiff's complaint was based upon two promissory notes, one for $1,500 and the other for $2,500. After it developed that plaintiff had paid the bank holding the $2,500 note only a part of the amount due, his counsel elected to proceed upon the $1,500 note, which was in the possession of complainant as its payee.

Defendant admitted the making and delivery of the note, but denied present liability upon it. He asserted that he was an employe of the Acme Pipe and Supply Company of Los Angeles, California, holding five shares of the stock, and that the complainant was the holder of the remaining eighty shares. Shortly before the note in suit was executed, defendant contends, he learned of the proposed sale of a certain gas tank and proposed to complainant that the Acme Pipe and Supply Company buy it, as it promised a profit, and stated that he (defendant) would like to participate in that profit. The complainant thereupon told defendant that if he would deliver to the company a sum sufficient to cover any loss upon the transaction he could participate equally with the Company in the possible gain. Upon defendant stating a lack of funds complainant said that he would lend him the money, and the execution of the note in suit and the delivery of the proceeds to the Company followed. In due time the gas tank was sold by the Acme Pipe and Supply Company and the gain of $900 was divided equally between the Company and the defendant. When the latter, as he says, asked complainant if he should withdraw the money deposited and pay the note, the complainant told him to let it remain in the Company, but that so far as defendant was concerned it was paid. Defendant explained his non-possession of the note by saying that complainant stated that he did not have it with him at the time when defendant once asked for it, and also stating that he did not regard the matter as of any importance as he and complainant were brothers-in-law.

As between the maker and the payee the defendant's story, if true, presented a proper defense, and the jury having accepted it, the alternate motions of the plaintiff's counsel will each be denied.

The respective motions of the counsel for H. Hackel, the complainant, for judgment for the complainant notwithstanding the verdict and for a new trial are each denied.